Joseph W. HUBER, Jr., Plaintiff,

v.

State of OHIO, et al., Defendants.

Case No. 3:12CV288.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 27, 2012.

Joseph W. Huber, Jr., Chillicothe, OH,
pro se.

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE IN THEIR ENTIRETY (DOC. # 2) AND OVERRULING PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. # 4); PLAINTIFF'S COMPLAINT IS DISMISSED, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(e)(2)(B); TERMINATION ENTRY

WALTER HERBERT RICE, District Judge.

Based on the reasoning and citations of authority set forth by the United States Magistrate Judge, in his Report and Recommendations filed September 10, 2012 (Doc. # 2), as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and overrules Plaintiff's Objections to said judicial filing (Doc. # 4).

Plaintiff's Complaint (Doc. # 3) is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The State of Ohio and the prosecuting attorney are immune from suit. Moreover, Plaintiff fails to state a claim for injunctive relief, i.e., seeking to be released from prison, against the Warden, given that such relief can be granted only by a writ of habeas corpus, not by way of a § 1983 claim as set forth herein.

WHEREFORE, based upon the aforesaid, Plaintiffs Complaint (Doc. # 3) is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). Judgment is to enter for the Defendants accordingly.

Given that any appeal from this Court's decision would be *objectively* frivolous, this Court would deny any anticipated motion for leave to appeal *in forma pauperis.*

The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**REPORT AND RECOMMENDATION[1] THAT (1) PLAINTIFF'S *PRO SE* COMPLAINT BE DISMISSED WITHOUT PREJUDICE; AND (2) THIS CASE BE CLOSED**

\* \* \*

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) STAYING THIS CASE PENDING THE COURT'S REVIEW OF THIS REPORT AND RECOMMENDATION**

MICHAEL J. NEWMAN, United States Magistrate Judge.

This matter is before the Court upon *pro se* Plaintiff's motion to proceed *in forma pauperis* (doc. 1), and the Court's corresponding *sua sponte* review of his complaint (doc. 1–2) pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court may dismiss Plaintiff's complaint upon finding his claims: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams,*

---

**1.** Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827. A complaint has no arguable factual basis when its allegations are "fantastic or delusional"; and no arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327–28, 109 S.Ct. 1827; *Brown v. Bargery,* 207 F.3d 863, 866 (6th Cir. 2000).

■ Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). While *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955); *see also Hill v. Lappin,* 630 F.3d 468, 470–71 (6th Cir.2010) (applying the *Iqbal* and *Twombly* dismissal standards to § 1915(e)(2)(B)(ii)).

*Pro se* Plaintiff, an inmate at the Chillicothe Correctional Institution ("Chillicothe"), apparently brings this action pursuant to 42 U.S.C. § 1983 against three defendants: the State of Ohio; Norman Robinson, the Chillicothe Warden ("Warden"); and Amy Smith, Assistant Clark County Prosecutor ("Prosecutor Smith").[2] Doc. 1–1 at PageID 11. Assuming, *arguendo,* that Plaintiff has alleged sufficient facts to support § 1983 claims in the first instance, his claims nonetheless fail for the following reasons.

■ First, Plaintiff seeks monetary relief from two defendants who are both immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2). Plaintiff's § 1983 claim against the State of Ohio is barred under Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 340–41, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Likewise, Plaintiff's claim against Prosecutor Smith—alleging she "filed on behalf of the State of Ohio a brief in opposition of the Plaintiff's direct appeal brief that contained fraudulent misstatements of material facts with the deliberate intent to corrupt the outcome of Plaintiff's proceedings"—is barred by the doctrine of prosecutorial immunity. Doc. 1–1 at PageID 12. A prosecutor, acting as an advocate for the State, is absolutely immune from liability in § 1983 suits. *See Burns*

**2.** The Court notes that Plaintiff previously filed a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this Court in *Huber v. Warden, Chillicothe Correctional Institution,* Case Number 3:11–cv–08. Plaintiff voluntarily moved to dismiss his case, and the Court granted his motion—dismissing his *habeas* pe-

tition without prejudice. *See id.* at docs. 6, 7. Pursuant to the Court's Order, the Clerk mailed Plaintiff blank *pro se* summonses, a blank *pro se* complaint form, and an *in forma pauperis* application on January 9, 2012—which likely led to his filing of this § 1983 case.

*v. Reed,* 500 U.S. 478, 484–87, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). This absolute prosecutorial immunity applies to a claim such as Plaintiff's—that a prosecutor presented false or defamatory testimony in judicial proceedings. *See id.*

■ Second, Plaintiff has failed to state a claim for injunctive relief against the Warden.[3] Plaintiff requests that the Court order the Warden release him from prison. *See* doc. 1–1 at PageID 12–14. The relief Plaintiff seeks against the Warden can only be granted by a writ of *habeas corpus. See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that a prisoner's "sole federal remedy" when seeking release from prison is a writ of *habeas corpus* ). Therefore, as there is no likelihood that Plaintiff would be successful on the merits, even under a liberal construction of his § 1983 complaint, he has failed to state a claim against the Warden upon which relief can be granted. *See Gonzales v. Nat'l Bd. of Med. Examiners,* 225 F.3d 620, 625, 632 (6th Cir.2000).

Accordingly, Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for seeking monetary relief from defendants who are immune from such relief, and for failure to state a claim upon which relief can be granted. The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (doc. 1). However, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE;** and this case be **CLOSED.** Further, this case is **STAYED** pending Judge Rice's review of this Report and Recommendation.

September 10, 2012

---

3. Plaintiff does not seek damages against the     Warden. *See* doc. 1–1 at PageID 12–14.